FILED
CLERK, U.S. DISTRICT COURT

AUG 2 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

   Plaintiff,

   v.

ANDRES M. HERNANDEZ, ET
AL.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-5787 UA (DUTYx)

**ORDER SUMMARILY
REMANDING IMPROPERLY-
REMOVED ACTION**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On August 9, 2013, Defendant Jose Hernandez, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in

1  the first place, in that Defendant does not competently allege facts supplying either

2  diversity or federal-question jurisdiction, and therefore removal is improper.  28

3  U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,

4  563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  Even if complete diversity of

5  citizenship exists, the amount in controversy does not exceed the diversity-

6  jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b).  On the

7  contrary, the unlawful-detainer complaint recites that the amount in controversy

8  does not exceed $10,000.  Moreover, because Defendant resides in the forum state,

9  Defendant cannot properly remove the action, to the extent diversity jurisdiction is

10  asserted.  28 U.S.C. § 1441(b).

11       Nor does Plaintiff's unlawful detainer action raise any federal legal question.

12  *See* 28 U.S.C. §§ 1331, 1441(b).  Defendant asserts in his removal papers that

13  Plaintiff filed a federal question action under the federal Fair Debt Collection

14  Practices Act ("FDCPA").  *See* 16 U.S.C. § 1692, *et seq.*  An unlawful detainer

15  action, however, does not constitute "debt collection" under the FDCPA.  *Brambilia*

16  *v. Reo Bay Area, LP*, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011); *see also*

17  *Hanaway v. JP Morgan Chase Bank*, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15,

18  2011) ("Since a transfer in interest is the aim of a foreclosure . . . the foreclosure

19  proceeding is not a debt collection action under the FDCPA."); *Aniel v. T.D. Serv.*

20  *Co.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[C]ourts throughout this

21  circuit have concluded that foreclosure does not constitute "debt collection" under

22  the FDCPA.").

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

2  Superior Court of California, South District, Long Beach Courthouse, 415 West

3  Ocean Blvd., Long Beach, CA 90802, for lack of subject matter jurisdiction

4  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this

5  Order to the state court; and (3) that the Clerk serve copies of this Order on the

6  parties.

7

8    IT IS SO ORDERED.

9

10  Dated: ___8/27/13___                        _____

11                                         GEORGE H. KING
                                     CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28